In re TUCKER.

Ex parte NEW YORK COTTON EXCHANGE.

(District Court, D. Massachusetts. March 3, 1905.)

BANKRUPTCY—PROVABLE DEBTS—LOAN BY WIFE.

A loan by a wife to her husband of stocks previously received by her from him as a direct gift, which gift was invalid under the law of the state and passed no title, does not afford basis for a claim against his estate in bankruptcy.

In Bankruptcy. On reargument. For former opinion, see 131 Fed. 647.

I. R. Clark, and John H. Sherburne, Jr., for appellant.
Robert H. Dickerman, for appellee.

LOWELL, Circuit Judge. A rehearing was granted, as suggested in the opinion heretofore filed, solely to permit Mrs. Tucker to urge that this case is governed by James v. Gray, 131 Fed. 401, 65 C. C. A. 385, 1 L. R. A. (N. S.) 321. In that case the Court of Appeals permitted a wife to prove in bankruptcy a debt which was unenforceable in the courts of Massachusetts at law, in equity, or in insolvency. The debt was based on a valuable consideration. In the case at bar counsel for Mrs. Tucker have argued that a court of bankruptcy, which does equity, should recognize the validity of a gift of personal property made directly from husband to wife, although the courts of Massachusetts treat the gift as invalid, both at law and in equity. That the English courts of equity recognize the validity of a gift like this appears probable, see Lucas v. Lucas, 1 Atk. 270; Mews v. Mews, 15 Beav. 529; Grant v. Grant, 32 Beav. 623. And it must be admitted that the reasoning of James v. Gray goes far to assert the binding force of these authorities upon a federal court of equity. Nevertheless, as a decision in favor of Mrs. Tucker would make altogether inoperative in the federal courts the law of Massachusetts governing the relations of husband and wife, I am not disposed to extend the reasoning of James v. Gray beyond cases in which the wife's claim is based upon a valuable consideration. The extension, if any is to be made, must be left to the Court of Appeals.